**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

EPISTAR CORPORATION,

      Plaintiff,

    v.

LOWE'S COMPANIES, INC.,
LOWE'S HOME CENTERS, LLC,

      Defendants.

CASE NO.:  6:20-cv-00420-ADA

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE
FIRST SUPPLEMENTAL INFRINGEMENT CONTENTIONS**

Pursuant to the Court's Amended Scheduling Order, Plaintiff Epistar Corporation ("Epistar") respectfully submits this Motion for Leave to Serve First Supplemental Infringement Contentions.

**INTRODUCTION**

The Court's November 25, 2020 Amended Scheduling Order provides that leave of court is required to update any infringement contentions served after April 8, 2021.  Dkt. No. 36.  In that same order, the Court cautioned that even after that date, parties were required to comply with discovery obligations and seasonably supplement in accordance with applicable Local Rules and the Federal Rules of Civil Procedure.  *See id.*; *see also* Fed. R. Civ. P. 26(e).  That supplementation is precisely what Epistar seeks to do here.  Epistar respectfully requests that the Court grant Epistar leave to update its infringement contentions because (1) Epistar's request is timely; (2) Epistar and its experts have been diligent in conducting infringement and technical analysis; and (3) Lowe's will not be prejudiced.  There remain over four months until the close of fact discovery and six months until the close of expert discovery.  No other revisions to the

-1-

schedule are currently necessary, and Epistar would not oppose any request by Lowe's to update its invalidity contentions based on Epistar's proposed amendments.

Lowe's has indicated that it intends to oppose this Motion. Lowe's opposition seeks to deprive Epistar of the ability to prove infringement through testing and reverse engineering. Epistar's extraordinary technical efforts are necessary in light of the absence of any technical information from Lowe's and product manufacturer, Yankon. Further, Epistar's testing is timely and taking place during the course of discovery and consistent with the parameters set by the Court's February 10, 2021 claim construction order.

For the reasons discussed below, Epistar respectfully requests that the Court grant Epistar leave to serve updated infringement contentions with preliminary testing results, and again on June 30, 2021, when Epistar anticipates obtaining additional results.

## BACKGROUND

### A.     Epistar Has Acted Diligently in Conducting Technical Analysis and Testing

On May 22, 2020, Epistar filed its Complaint against Lowe's. On August 3, 2020, Lowe's filed its Answer to Epistar's Complaint. Less than three weeks later, on August 21, 2020, Epistar served its Preliminary Infringement Contentions. *See* Shih Decl.[1], Ex. 1 at 2 (Preliminary Infringement Contentions) (defining Accused Products as "GE Classic Series lightbulbs, GE Refresh Series lightbulbs, GE Relax Series lightbulbs, GE Basic Series lightbulbs, GE Reveal Series lightbulbs, and GE Vintage Series lightbulbs that include one or more LED filaments"). On April 8, 2021, Epistar identified by item and model numbers specific GE LED filament bulbs sold by Lowe's that fell into the six product series (GE Classic, GE Refresh, GE Relax, GE Basic, GE Reveal, and GE Vintage) that Epistar previously identified as Accused Products. *See* Shih Decl., Ex. 2 at 7-11 (Apr. 8, 20201 ltr. from J. Yoon to M. Eisenberg).

---

[1] "Shih Decl." refers to the Declaration of Albert Shih in Support of Plaintiff's Opposed Motion for Leave to Serve First Supplemental Infringement Contentions, filed concurrently with the present motion.

Since the filing of its Complaint, Epistar has been working diligently to identify, analyze, and test infringing products.  In particular, Epistar retained experts to conduct time-consuming and costly technical tests on the products, including optical measurement, scanning electron microscope imaging, and other reverse-engineering.  Indeed, testing on Lowe's products began as early as December 2020 with detailed discussions regarding testing procedures, equipment calibration, material analyses, and optical measurements.  On top of the hundreds of hours spent planning, testing, and analyzing the Accused Products, Epistar's attorneys and experts have also held weekly meetings to discuss testing procedures and results.  Shih Decl. ¶¶ 14-17.

**B.      Epistar Has Acted Diligently in Seeking Discovery and Meeting and Conferring with Lowe's**

At the same time Epistar was diligently working to build its infringement case through technical analysis, Epistar also served discovery seeking documents from Lowe's regarding product design, components, and operation.  *See, e.g.*, Shih Decl., Ex. 3 at Request Nos. 5, 6, and 9 (seeking documents "sufficient to describe the structure, design, and operation of each Accused Product"; "instructions manuals, specifications, user guides, and installation guides"; and "documents relating to the design, development, manufacture, and acquisition of the Accused Products").  To date, Lowe's has failed to provide any documents concerning the relevant technical features, much less the full scope of requested documents.  *See* Shih Decl. ¶ 19.  Even though Lowe's agreed to provide relevant technical information for only a single product, none has been produced.  *See id*.

In addition to pursuing discovery from Lowe's, Epistar also undertook the burdensome and expensive process of serving a subpoena through the Hague Convention on Yankon, who Epistar believes manufacturers the Accused Products on behalf of Lowe's.  *See* Dkt. Nos. 31, 32. Yankon has failed to acknowledge the subpoena, serve objections, or provide any documents. Shih Decl. ¶ 20.

C.      **Epistar Provided Additional Information to Lowe's on April 8, 2021**

On April 8, 2021, on the same day the Court scheduled for service of Final Infringement Contentions, and in light of the absence of an adequate technical production, Epistar sent Lowe's a detailed, 11-page letter explaining why Lowe's discovery responses and document production were inadequate.  As part of that letter, and although Lowe's had at least equal if not better access to the underlying information, Epistar included an identification of the dozens of specific LED filament bulbs that are sold by Lowe's as part of the GE Classic, GE Refresh, GE Relax, GE Basic, GE Reveal, and GE Vintage series of "LED filament bulbs."  Those product series had been earlier identified in Epistar's August 2021 Initial Infringement Contentions.  *See* Shih Decl., Ex. 1 at 2 (defining Accused Products to include these six series of GE LED filament bulbs); *see also* Shih Decl., Ex. 2 (Apr. 8, 2021 ltr. from J. Yoon to M. Eisenberg) at 7-11 (identifying 112 model/item numbers).

## ARGUMENT

I.      **LEGAL STANDARD**

Upon a showing of good cause, a court may permit plaintiff to amend its infringement contentions.  *See* Fed. R. Civ. P. 16(b)(4); *Georgetown Rail Equip. Co. v. Holland L.P.*, Case No. 6:13-cv-366-JDL, 2014 U.S. Dist. LEXIS 198784, at *6, *13 (5th Cir. Oct. 7, 2014) ("relevant factors in this case favor granting the motion for leave to amend infringement contention").  Courts evaluate four factors to determine whether there is good cause to modify the scheduling order:  (1) the reason for the delay and whether the party has been diligent; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any prejudice.  *See Georgetown Rail Equip. Co.*, 2014 U.S. Dist. LEXIS 198784, at *7.

Each of these considerations weighs in favor of allowing an amendment to Epistar's Preliminary Infringement Contentions.  Epistar has been diligent in both seeking leave and conducting testing.  Epistar is not required to prove its entire case by the deadlines for service of infringement contentions. *See id.* at *6 ("[I]nfringement contentions are not intended to require a

party to set forth a prima facie case of infringement and support thereof.").  There would be no prejudice in allowing the amendment, as there remain over four months until the close of fact discovery on September 9, 2021 and over six months until the close of expert discovery on November 4, 2021.  Epistar would also not oppose any necessary supplementation by Lowe's to its invalidity contentions that are directed to Epistar's proposed amendment.

Epistar sought consent from Lowe's to supplement Epistar's infringement contentions.  Epistar specified what it wished to include in its supplemental contentions and explained that Epistar did not believe that Lowe's would be prejudiced.  Lowe's indicated that it was not willing to consent at this time.  Shih Decl. ¶ 21.

## II.    THERE IS GOOD CAUSE TO PERMIT EPISTAR TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

### A.    Epistar Has Diligently Pursued Testing and Provided Information Sought by Lowe's in Epistar's April 8, 2021 Discovery Correspondence

The Court set April 8, 2021 as the deadline for serving Final Infringement Contentions.  On that date, in the absence of any technical production from Lenovo,  Epistar did not serve its Final Infringement Contentions, but did send Lowe's a letter identifying the very information that Lowe's now argues Epistar should have included in its Final Infringement Contentions.  *See* Shih Decl., Ex. 2 (Apr. 8, 2021 ltr from J. Yoon to M. Eisenberg).  In particular, Epistar further specified its prior definition of Accused Products, which included six series of GE lightbulbs (GE Classic, GE Refresh, GE Relax, GE Basic, GE Reveal, and GE Vintage), with 112 specific model and item numbers pulled from Lowe's website.  *See id.* at 7-11.

Epistar now seeks leave to supplement its infringement contentions with the 112 bulbs previously identified to Lowe's on April 8 and testing results that Epistar recently obtained.  Without any technical production from Lowe's or Yankon, Epistar and its experts were required to plan, design, and then execute time-consuming testing and analysis to support Epistar's infringement case.  *See True Chem. Solutions, LLC v. Performance Chem. Co.*, Case No. 7:18-cv-00078-ADA (W.D. Tex. June 9, 2020) (Albright, J.) (permitting amendment of infringement

contentions after "physical visual inspection to determine exactly how True Chem has assembled various components and operates the accused frac trailers").

Epistar began this work in December 2020 with discussions regarding testing parameters and procedures and first obtained preliminary results to be analyzed on March 25, April 8, and April 15, 2021.  Although testing is ongoing and Epistar anticipates additional results on a rolling basis, to comply with the Court's Order regarding seasonable supplementation, Epistar has prepared its First Supplemental Infringement Contentions (Shih Decl., Exs. 4-8) and seeks leave to supplement with these preliminary test results.  *See Maxell Ltd. v. Apple*, Case No. 5:19-cv-00036-RWS (E.D. Tex. Feb. 24, 2020), at 2-4 (finding that diligence weighs in favor of granting leave to amend).  Because it anticipates additional results, Epistar seeks leave to further supplement on June 30, 2021.

### B.   Epistar's  Proposed Amendment Is Important and Necessary for Proving Its Infringement Case

Epistar's proposed amendment does not seek to add new asserted claims or inject new infringement theories.  But it is nevertheless important and accomplishes two goals:  (1) identifies by product and model numbers specific LED filament bulbs in the GE line that are sold by Lowe's and (2) sets forth testing results and expert analysis proving how the Accused Products infringe Epistar's asserted patents.

As to the first, Epistar's identification was made to convenience Lowe's, who incredulously claimed that it did not know which GE LED filament bulbs sold by Lowe's fell within the six GE product series identified in Epistar's Preliminary Infringement Contentions.  Epistar has since identified these specific model and item numbers for the avoidance of doubt.  *See* Shih Decl., Ex. 2 (Apr. 8, 2021 ltr from J. Yoon to M. Eisenberg) at 7-11.  The information was always available to Lowe's on its website.  However, based on Lowe's insistence that it would provide discovery on only a single product, Epistar believes the supplementation should put an end to Lowe's refusal to provide requisite discovery.

As to the second, Epistar is entitled to supplement with information obtained during the course of discovery. *See Georgetown Rail Equip. Co.*, 2014 U.S. Dist. LEXIX 198784, at *12 (permitting amendment to infringement contentions "based on findings made during discovery"). Epistar is also entitled to retain experts to help design and execute tests to support its infringement case. *See MV3 Partners LLC v. Roku, Inc.*, Case No. 6:18-cv-00308-ADA (W.D. Tex. Mar. 23, 2020) (Albright, J.), at 3 (finding "amendment is important because it allows MV3 to fully present its infringement theory").

That Epistar seeks to supplement its infringement contentions with such information is consistent with its obligations under the Court's Amended Scheduling Order and Federal Rule of Civil Procedure 26(e). *See* Fed. R. Civ. P. 26(e) (requiring parties to supplement disclosures).

### C.    Lowe's Would Not Be Unfairly Prejudiced by the Amendment

Lowe's argues that it would be unfairly prejudiced by the addition of hundreds of new Accused Products. However, these products were always part of the definition of Accused Products, which covered all GE LED filament bulbs, including those that fell into six GE product series that Epistar had identified in its Preliminary Infringement Contentions. Any review of Lowe's website by Lowe's itself would have identified these products. Further, although Epistar did not serve Final Infringement Contentions on April 8, 20201, Epistar sent Lowe's a letter *on that same date* identifying 112 different model and item numbers for GE LED filament bulbs sold by Lowe's. Lowe's attempt to limit the case to a single Accused Product is thus punitive and baseless.

In evaluating potential prejudice, barring Epistar from supplementing with its ongoing testing results would be far more prejudicial to Epistar than to Lowe's, who will be entitled to discovery on the contents of the supplementation and who has time in the current case schedule to cure any potential prejudice. Because there is no unfair prejudice to Lowe's, this factor weighs in favor of permitting amendment.

**D.      There Is No Need for a Continuance of the Trial Date, but Epistar Would Not Oppose Lowe's Supplementing Its Invalidity Contention**

Trial is scheduled for February 14, 2022.  Fact discovery does not end until September 9, 2021, and expert discovery closes on November 4, 2021.  Given the many months remaining in discovery and before trial, Epistar does not believe that any continuance is necessary.  Further, Epistar does not intend to oppose any supplementation of prior art that Lowe's seeks to make directed to Epistar's supplementation.

Nevertheless, because the case remains in its early stages, if necessary, an extension of the discovery deadlines would cure any prejudice.  Epistar respectfully requests that the Court defer making any such determination at this time.  *See MV3 Partners LLC*, Case No. 6:18-cv-00308-ADA at 4-5 (deferring decision on whether short continuance might be needed in future).

## <u>CONCLUSION</u>

Epistar is "obligat[ed] to seasonably amend [its infringement contentions] if new information is identified after initial contentions."  Dkt. No. 36 at 2.  That is the case here, and Epistar respectfully requests that it be granted leave to amend its infringement contentions.


Dated:  April 23, 2021                              Respectfully submitted,

                                                   */s/: James C. Yoon*

                                                   James C. Yoon (CA State Bar No. 177155) (*pro hac vice*)
                                                   jyoon@wsgr.com
                                                   Ryan R. Smith (CA State Bar No. 229323)
                                                   rsmith@wsgr.com
                                                   Albert Shih (CA State Bar No. 251726) (*pro hac vice*)
                                                   ashih@wsgr.com
                                                   WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                   650 Page Mill Road
                                                   Palo Alto, CA 94304-1050
                                                   Telephone: (650) 493-9300
                                                   Fax: (650) 493-6811

                                                   Lucy Yen (NY State Bar No. 4871653) (*pro hac vice*)
                                                   lyen@wsgr.com
                                                   WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                   1301 Avenue of the Americas, 40th Floor

New York, NY 10019-6022
Telephone: (212) 999-5800
Fax: (212) 999-5899

Celine Liu (CA State Bar No. 268990) (*pro hac vice*)
celine.liu@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 791-8800
Fax: (202) 973-8899

*Attorneys for Plaintiff Epistar Corporation*

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Epistar conferred with Counsel for Lowe's via email on April 22, 2021, seeking consent from Lowe's to supplement Epistar's infringement contentions.  Lowe's indicated that it was not willing to consent at this time.

By*: /s/: James C. Yoon*
James C. Yoon

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail on April 23, 2021.

By*: /s/: James C. Yoon*
James C. Yoon