**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

EPISTAR CORPORATION,

     Plaintiff,

  v.

LOWE'S COMPANIES, INC. *et al.*,

     Defendants.

CASE NO.:  6:20-cv-00420-ADA

**JURY TRIAL DEMANDED**

**DECLARATION OF ALBERT SHIH IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SERVE FIRST SUPPLEMENTAL
<u>INFRINGEMENT CONTENTIONS</u>**

I, Albert Shih, declare as follows:

1.     I am an attorney at Wilson Sonsini Goodrich & Rosati P.C., counsel of record for Plaintiff Epistar Corporation ("Epistar") in the above-captioned matter.

2.     I submit this declaration in support of Epistar's Motion for Leave to Serve First Supplemental Infringement Contentions.  The matters set forth herein are based upon my personal knowledge, and if called as a witness, I could and would testify competently thereto.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of Epistar's Preliminary Infringement Contentions, served in this case on August 21, 2020.

4.     Attached hereto as **Exhibit 2** is a true and correct copy of a discovery letter sent April 8, 2021 from James Yoon to Michael Eisenberg.

5.     Attached hereto as **Exhibit 3** is a true and correct copy of Lowe's Objections and Responses to Epistar's First Set of Requests for Production, served in this case on March 15, 2021.

6.      Attached hereto as **Exhibit 4** is Epistar's proposed First Supplemental Infringement Contentions for U.S. Patent No. 7,489,068.

7.      Attached hereto as **Exhibit 5** is Epistar's proposed First Supplemental Infringement Contentions for U.S. Patent No. 8,240,881.

8.      Attached hereto as **Exhibit 6** is Epistar's proposed First Supplemental Infringement Contentions for U.S. Patent No. 9,065,022.

9.      Attached hereto as **Exhibit 7** is Epistar's proposed First Supplemental Infringement Contentions for U.S. Patent No. 9,664,340.

10.     Attached hereto as **Exhibit 8** is Epistar's proposed First Supplemental Infringement Contentions for U.S. Patent No. 10,224,455.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of an unpublished order issued in *True Chem. Solutions, LLC v. Performance Chem. Co.*, Case No. 29-cv-00078-ADA (W.D. Tex. June 9, 2020).

12.     Attached hereto as **Exhibit 10** is a true and correct copy of an unpublished order issued in *Maxell Ltd. v. Apple*, Case No. 5:19-cv-00036-RWS (E.D. Tex. Feb. 24, 2020).

13.     Attached hereto as **Exhibit 11** is a true and correct copy of an unpublished order issued in *MV3 Partners LLC v. Roku, Inc.*, Case No. 6:18-cv-00308-ADA (W.D. Tex. Mar. 23, 2020).

14.     Epistar has been diligent in analyzing, testing, and reverse engineering various products sold by Lowe's to determine whether they infringe the patents-in-suit.

15.     After Epistar served its Preliminary Infringement Contentions in August 2020, it interviewed various expert candidates and evaluated testing facilities that would be able to perform the sorts of tests on Lowe's products that would demonstrate infringement.  These interviews, and

the requirements for the testing facilities, were necessarily complex and time-consuming due to the lack of technical specifications provided by Lowe's and the myriad requirements associated with evaluating infringement of the claims of each of the five patents-in-suit.

16.     Testing of the accused products began in December 2020.  From December 2020 to February 2021, Epistar worked with the testing facility to discuss test environment setup for the Accused Products, including Scanning Electron Microscope (SEM) imaging at different cuts, Transmission Electron Microscopy (TEM), Energy Dispersive X-ray Spectroscopy (EDS), atomic weight measurements, Secondary Ion Mass Spectrometry (SIMS), optical microscopy imaging, filament-energizing experiments, 2D X-ray, and other potential optical experiments.

17.     Setting up and conducting these tests have required hundreds of hours of work. Epistar's attorneys have met with the testing team on a regular basis since December 2020 to monitor and discuss testing progress.

18.     Epistar began receiving preliminary results from a number of the above-mentioned tests for five representative products on March 25, 2021, April 8, 2021, and April 15, 2021.  The testing facility has not yet reported complete results for the five representative products, but is working diligently to report the remaining results.  Epistar will also continue its reverse-engineering efforts and expect to supplement with additional test results for more accused products throughout the course of discovery.

19.     Simultaneously with the above, Epistar sought discovery from Lowe's, including technical documents pertaining to the Accused Products.  To date, Lowe's has not produced *any* documents concerning the relevant technical features, even for the *one product* for which it agreed to produce technical documents, much less the full scope of requested technical documentation.

20.     Epistar has also sought discovery from Yankon, which Epistar believes to be the manufacturer of the Accused Products.  Epistar undertook to serve Yankon with a subpoena under the Hague Convention and completed service, but Yankon has not acknowledged the subpoena, responded or objected to it, or provided documents.

21.     Epistar sought consent from Lowe's to supplement Epistar's infringement contentions.  Epistar specified what it wished to include in its supplemental contentions and explained that Epistar did not believe that Lowe's would be prejudiced.  Lowe's indicated that it was not willing to consent at this time because it did not think good cause existed to allow supplementation.  Attached hereto as **Exhibit 12** is a true and correct copy of the meet and confer correspondence between Epistar's counsel and Lowe's' counsel pertaining to the present motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 23rd day of April, 2021 in Palo Alto, California.


WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation


By: */s/ Albert Shih*
      Albert Shih