**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| EPISTAR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 6:20-cv-00420-ADA |
| | ) | |
| LOWE'S COMPANIES, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LOWE'S' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE
<u>FIRST SUPPLEMENTAL INFRINGEMENT CONTENTIONS</u>**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Travelers Indem. Co. of Conn.*,
    465 F.3d 156 (5th Cir. 2006) ............................................................2, 9

*American Video Graphics, L.P. v. Electronic Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005)..............................................7, 8

*E.E.O.C. v. Freeman*,
    778 F.3d 463 (4th Cir. 2015) .................................................................4

*Georgetown Rail Equip. Co. v. Holland L.P.*,
    No. 6:13-cv-366, 2014 U.S. Dist. LEXIS 198784 ...............................5

*Halicki v. Louisiana Casino Cruises, Inc.*,
    151 F.3d 465 (5th Cir. 1998) .............................................................2, 9

*In re Complaint of C.F. Bean L.L.C.*,
    841 F.3d 365 (5th Cir. 2016) .................................................................5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    No. 2:13-cv-172013 U.S. Dist. LEXIS 145194 (E.D. Tex. Aug, 5, 2013)..............................8

*Luke v. Family Care & Urgent Med. Clinics*,
    323 Fed. Appx. 496 (9th Cir.2009).......................................................4

*Maxell Ltd. v. Apple*,
    No. 5:19-cv-00036-RWS (E.D. Tex. Feb. 24, 2020).........................5, 6

*Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*,
    507 U.S. 380, (1993).............................................................................2

*Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*,
    311 F.R.D. 659 (D. Colo. 2015) ...........................................................4

*Roor Int'l BV v. Stinky's Smoke Shop, LLC*,
    No.: 4:18-cv-00735, 2020 U.S. Dist. LEXIS 241364 (E.D. Tex. 2020)..............................2, 9

*True Chemical Solutions, LLC v. Performance Chem. Co.*,
    Case No. 7:18-cv-00078-ADA (W.D. Tex. June 9, 2020) .......................5

**Other Authorities**

Federal Rule of Civil Procedure 6(b)(1)(B)..............................................2, 3

Federal Rule of Civil Procedure 16(b)(4) ...........................................................................3

Federal Rule of Civil Procedure 26(e) .............................................................................4

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................... 1

II.     LEGAL STANDARD...........................................................................................2

III.    ARGUMENT ......................................................................................................3

        A.      Epistar's Request for Relief Applies the Wrong Legal Standard and Fails to Address or Establish the Right to Relief Under the Proper Standard................ 3

        B.      Epistar's Interpretation of the Scheduling Order is Untenable ............................ 3

        C.      Epistar's Interpretation of Federal Rule of Civil Procedure 26(e) is Baseless.............................................................................................................. 4

        D.      Relief Should Be Denied Even Under the More Lenient Standard Epistar Cites ..................................................................................................................... 5

        E.      Epistar Effectively Concedes that its PICs Were Served Without A Sufficient Basis to Support the Facts Alleged ........................................................ 6

        F.      Epistar's Discovery Excuse Is Misguided ............................................................ 7

        G.     Epistar's Reference to its 11-page Discovery Letter Is Self-Defeating................. 8

        H.     Epistar's Prejudice Analysis Is Legally and Factually Flawed............................. 9

IV.     CONCLUSION.................................................................................................. 10

Pursuant to Local Rule 7.3, Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively "Lowe's") opposes Plaintiff Epistar Corporation's ("Epistar") Motion for Leave to Serve First Supplemental Infringement Contention ("Motion").

## I.   INTRODUCTION

There are many adjectives that aptly describe Epistar's litigation conduct, diligent is ***not*** one of them. From the outset, Epistar sought to do no more than the bare minimum, and in this instance fell far short of even that dubious goal.

Epistar's Complaint identified a ***single*** product. That bare disclosure met the *Iqbal-Twombly* plausibility standard, but no more. At the preliminary-infringement-contention ("PIC") stage, Epistar identified and charted that same ***single*** product, which Lowe's deemed less than the bare minimum. Lowe's did not sit idly by, but instead put Epistar on notice that its PICs were insufficient and then initiated a dispute before the Court. A telephonic hearing was held on October 2, 2020, after which the Court denied Lowe's' request without prejudice. (Dkt. 29). During the hearing, the Court explained:

> [F]or purposes of preliminary infringement contentions, they <u>are sufficient at this point</u> for the defendant to be able to prepare preliminary invalidity contentions. The way I try to structure my process is to get the amount of information I think the plaintiff has provided. I understand it's not perfect; but that's why I allow, after the Markman, for a second round of infringement contentions to be provided and invalidity contentions to be provided.

(Dkt. 33 at 18:9-18 (emphasis added).)

Despite this history, Epistar ***missed the deadline*** to serve its final infringement contentions. It instead served a discovery dispute letter complaining that Lowe's had not produced documents related to a list of ***112*** previously ***unidentified*** products. A full two weeks ***after*** the deadline, Epistar sent an email seeking consent to "supplement its infringement contentions." (Dkt. 53-13 at 4.) Epistar provided no explanation for having missed the deadline. *Id.* And rather than

substantively conferring on the dispute, merely maintained that it had been "diligent." (*Id.* at 3.)

Any fair review of the facts ***as alleged by Epistar*** indicates that Epistar's conduct has been the opposite of diligent. First and foremost, Epistar fails to provide any explanation for having missed the deadline, which therefore, must be deemed ***not*** excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). Second, having chosen one of the fastest courts in the nation, Epistar does not explain why it did not seek to analyze the products (which are readily available and inexpensive) either before filing suit or before serving its PICs. Instead, based on its own admitted timeline, Epistar waited until ***7 months*** after filing the Complaint to begin "***discussions***" about testing. (Dkt. 53 at 3.) Third, Epistar does not explain why it waited two weeks after the deadline to inform Lowe's or the Court that it required additional time to perform its analysis, when it was admittedly aware of the relevant facts long ***before*** the deadline.

## II.    LEGAL STANDARD

An extension "after the time has expired" requires "***excusable neglect***." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). The applicable standard comprises the four *Pioneer* factors:

> (1) "the danger of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on the judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."

*Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (quoting *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). An alleged lack of prejudice to the <u>non-moving party</u> is irrelevant. *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998). And alleged prejudice to the <u>moving party</u> is also irrelevant because "[i]n the Fifth Circuit, courts evaluate prejudice from the vantage point of the non-movant." *Roor Int'l BV v. Stinky's Smoke Shop, LLC*, No.: 4:18-cv-00735, 2020 U.S. Dist. LEXIS 241364, *5 (E.D. Tex. 2020) (citing *Adams*, 465 F.3d at 161 n.8.

## III.    ARGUMENT

### A.    Epistar's Request for Relief Applies the Wrong Legal Standard and Fails to Address or Establish the Right to Relief Under the Proper Standard

Epistar cites Federal Rule of Civil Procedure 16(b)(4) for the proposition that "[u]pon a showing of good cause, a court may permit plaintiff to amend its infringement contentions." (Dkt. 53 at 4.) That Rule, however, states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Epistar *is not* seeking to modify an existing schedule, but is instead seeking leave to comply with a court-ordered deadline *after time has expired*. Having missed the deadline, the Federal Rules require Epistar to establish that its error resulted from "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Remarkably, Epistar asserts that its "request is *timely*" (Dkt. 53 at 1 (emphasis added)), a demonstrably *false* statement. Because Epistar failed to address relief under the proper standard, and instead falsely claims that its untimely request "entitle[s]" it to relief under the wrong standard, its request is should be rejected.

Moreover, even if Epistar had addressed the proper standard, the facts simply do not meet the standard for inexcusable neglect. Epistar's justification for seeking leave is that "reverse engineering" is "time-consuming." (Dkt. 53 at 3.) Epistar was aware of that fact long before it missed the deadline, rendering that allegation irrelevant. Indeed, the distinction between seeking leave before a deadline has elapsed (requiring "good cause" under 6(b)(1)(A)) and after the deadline has elapsed (requiring evidence of "excusable neglect" under 6(b)(1)(B)) confirms that a mere "good cause" excuse is insufficient. And importantly, Epistar nowhere explains the many months it waited before starting its analysis, which negates its irrelevant claim of "good cause."

### B.    Epistar's Interpretation of the Scheduling Order is Untenable

According to Epistar, "[t]he Court's November 25, 2020 Amended Scheduling Order provides that leave of court is required to update any infringement contentions served after April

8, 2021." (Dkt. 53 at 1.) Epistar's interpretation, however, ignores the fact that April 8, 2021 was not merely the trigger for requiring leave, but more importantly the ***deadline*** for serving Final Infringement Contentions ("FICs"). Read in context, the only reasonable interpretation of the Order is that after April 8, 2021, Epistar was required to seek leave to amend its ***nonexistent FICs***. This view is consistent with the Court's Standing Order, which permits amendment to PICs so long as the plaintiff certifies that "the amendment is based on material identified after those preliminary contentions were served." Order Governing Proceedings – Patent Case at 7 n.7. Epistar' carefully avoids this issue by suggesting that it is merely seeking to "amend" its "contentions." Indeed, Epistar does not consider its proposed contentions to be "final," but instead just a placeholder until it provides further disclosure potentially in June, 2021. (Dkt. 53 at 2.) The Court should not countenance Epistar's lack of respect for the Court, the schedule and its opponent.

## C.      Epistar's Interpretation of Federal Rule of Civil Procedure 26(e) is Baseless

Epistar innocently suggests that its request is merely an attempt to comply with its obligations under Rule 26(e). This argument should be rejected for many reasons, a few of which are addressed here. First, the only disclosure that Epistar could properly seek to amend is its ***nonexistent*** FICs, rendering the request a nullity. Stated differently, nothing in Rule 26(e) suggests permission to miss court-scheduled deadlines. Second, Rule 26(e) by its terms applies to "an interrogatory, request for production, or request for admission." Epistar fails to explain how that rule applies to infringement contentions, which are distinct disclosures mandated by the schedule. Finally, as courts nationwide have admonished, Rule 26(e) is not a "loophole" that permits parties to ignore their disclosure obligations. *See*, *e.g.*, *E.E.O.C. v. Freeman*, 778 F.3d 463, 467 (4th Cir. 2015) (quoting *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir.2009)); *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 664 (D. Colo. 2015) ("Rule 26(e) 'creates a duty to supplement, not a right' and does not 'create a loophole' to be

4

exploited by a party to its advantage."); *see also In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016). What Epistar seeks is not an "amendment," but instead forgiveness of and permission to continue its dilatory conduct.

      **D.**    **Relief Should Be Denied Even Under the More Lenient Standard Epistar Cites**

      Epistar cites three irrelevant cases (two from the Eastern District of Texas and one from this Court) to justify its request.

      As to *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366, 2014 U.S. Dist. LEXIS 198784 (E.D. Tex. [1] Oct. 7, 2014)), Epistar cites that decision as providing the legal standard this Court should apply. (Dkt. 53 at 4.) That decision, however, was not addressed to a missed deadline. Indeed, nothing in that case can be viewed as endorsing a party skipping a disclosure deadline only to later present an "amendment." Instead, the plaintiff in *Georgetown Rail* complied with the deadlines ***and then*** sought to amend to address "source code" that was only available through discovery. 2014 U.S. Dist. LEXIS 198784 at *9-10.

      As to *True Chemical Solutions, LLC v. Performance Chem. Co.*, Case No. 7:18-cv-00078-ADA (W.D. Tex. June 9, 2020), that two-page unpublished order again did not address the facts presented here. Instead, just as in *Georgetown Rail*, rather than seeking to extend a missed deadline, the plaintiff sought leave to address information regarding an accused "frac trailer" that was unavailable except through discovery.

      And *Maxell Ltd. v. Apple*, No. 5:19-cv-00036-RWS (E.D. Tex. Feb. 24, 2020), provides even weaker support. There again, the party seeking leave had not missed a deadline. *Id.* at 3. Instead, Apple found and sought leave to add a single piece of prior art to the record before claim-construction briefing. *Id.* at 5. Apple's counsel explained why the art was not found sooner, and

---

[1]    Incorrectly identified as having been issued by the Fifth Circuit. (Dkt. 53 at 4.)

although the court acknowledged that the late disclosure posed prejudice to plaintiff, it found Apple's reason for the late disclosure sufficient to permit amendment. *Id.* at 6.

Summarizing the cited cases – none suggests a party may simply ignore a court-ordered deadline. Instead, each provided some leeway to add material based on the **specific reason provided for the delay**. Indeed, each party that sought leave specifically alleged that it lacked access to the necessary information at the time of the original deadline. **Epistar does not and cannot allege lack of access**. Instead, Epistar seeks to accuse products that were readily available from retail stores and/or www.lowes.com, without the need for discovery. Instead, Epistar asserts that reverse engineering is time consuming, a fact that it was aware of at that time it filed suit and continuously through the lapsed deadline.

### E.     Epistar Effectively Concedes that its PICs Were Served Without A Sufficient Basis to Support the Facts Alleged

Epistar characterizes its PICs as "defining Accused Products as 'GE Classic Series lightbulbs, GE Refresh Series lightbulbs, GE Relax Series lightbulbs, GE Basic Series lightbulbs, GE Reveal Series lightbulbs, and GE Vintage Series lightbulbs." (Dkt. 53 at 2.) By the very nature of the relief requested – to serve contentions based on information not available at the time of the PICs – Epistar concedes that its earlier allegations against all of those "Series" of lightbulbs were made **without sufficient basis**.[2] Indeed, still today Epistar concedes that it lacks sufficient basis, requesting that the Court permit Epistar to supplement its nonexistent FICs "**again** on June 30, 2021." (Dkt. 53 at 2 (emphasis added).) The Court should factor Epistar's conscious presentation of allegations that lacked support when considering Epistar's request for relief.

On this issue, Epistar's production in this case confirms both that (1) Epistar lacked a

---

[2]     Lowe's does not lightly raise the specter of sanctions, which are the go-to litigation tactic for many litigants unwilling to engage on the merits. Lowe's is currently considering all avenues to address Epistar's conduct, which on its face should be deemed an affront to proper litigation.

sufficient basis to support its contentions; and (2) that its request to amend its contentions would be improper even if the request was directed to its PICs rather than its nonexistent FICs. In particular, Lowe's has reviewed the entirety of Epistar's production to date, which includes "Analysis Reports" for a total of ten samples of an unknown number of products. (Targowska Decl.[3] ¶¶ 2-5; id. at Ex. 1.) The dates associated with those reports indicate that eight were created *before Epistar's PICs* (in the April-June 2020 time period) and the two others were created in early March 2021. (*Id.*) Epistar's implicit assertion that its requested amendment is directly solely to newly discovered information cannot be reconciled with the discovery record. Instead, Epistar conspicuously fails to explain *when* it came into possession of the underlying information required for its "amendment." Epistar's request, therefore, would not even meet the Court's more lenient standard to amend PICs. *See* Order Governing Proceedings – Patent Case at 7 n.7.

## F.     Epistar's Discovery Excuse Is Misguided

Epistar asserts that its pursuit of discovery should excuse its failure to serve FICs. (Dkt. 53 at 3.) Epistar, however, does not allege that its neglect should be excused because its focus was elsewhere. Instead, Epistar seeks to transfer blame to Lowe's. Rather than justify its delay, Epistar's argument indicates an improper shoot-and-then-aim view of litigation.

Epistar's conduct is inconsistent with the core tenets of how patent litigation is conducted. The patent rules and orders in existence today are modeled on those first adopted years ago in the Northern District of California and the Eastern District of Texas. As Judge Davis explained in *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005), the requirement to disclose contentions early "demonstrate[s] high expectations as to plaintiffs'

---

[3] "Targowska Decl." refers to the April 30, 2021 Declaration of Anna M. Targowska, Esq. in Support of Lowe's' Opposition to Epistar's Motion for Leave to Serve First Amended Infringement Contentions.

preparedness *before bringing suit*, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Id.* at 560 (emphasis added).

The guidance provided in *Keranos, LLC v. Silicon Storage Tech., Inc.,* No. 2:13-cv-172013 U.S. Dist. LEXIS 145194 (E.D. Tex. Aug, 5, 2013), is even closer to the mark. There, the court criticized the very conduct Epistar seeks to excuse here:

> [T]he Court finds significant the sheer volume of the additional products Plaintiff seeks to add. It may be conceivable that even acting diligently, Plaintiff would have failed to identify some of the products that incorporate the accused technology. Instead, Plaintiff found the efforts to identify products to be expensive and cumbersome and instead disclosed only a few products in its original contentions, then demanded that Defendants identify the remaining products that incorporate the accused technology. This is contrary to Plaintiff's responsibility under the local patent rules and demonstrates a lack of diligence by Plaintiff.

*Id.* at *15. Having filed and pursued this litigation without sufficient basis (despite the availability *domestically* of accused product from retail stores and from www.lowes.com), Epistar's attempt to excuse its conduct based on the alleged difficulty in obtaining discovery (including from an overseas third party (Dkt. 53 at 3)) is baseless.

### G.    Epistar's Reference to its 11-page Discovery Letter Is Self-Defeating

As Epistar explains, "[o]n April 8, 2021, *on the same day the Court scheduled for service of Final Infringement Contentions* . . . Epistar sent Lowe's a detailed, 11-page letter explaining why Lowe's discovery responses and document production were inadequate." (Dkt. 53 at 4 (emphasis added).) That letter complained that Lowe's had not produced discovery as to a list of 112 *previously unidentified* products. There are only two possible interpretations of this conduct: (1) Epistar possessed sufficient information to allege infringement for all 112 products, but chose not to disclose that information by the deadline; or (2) Epistar did not possess sufficient information to allege infringement, but truly hopes that they will eventually. Which of these alternatives is true, however, is irrelevant, as neither provides a basis for excusable neglect.

In addition, Epistar effectively concedes that its failure to comply with the Court's schedule will continue until at least June, 2021 should the Court so acquiesce. Indeed, Epistar's proposed contentions have still only provided for a small subset of the *112* purportedly accused products. This conduct is simply beyond the pale.

### H.      Epistar's Prejudice Analysis Is Legally and Factually Flawed

Epistar makes two striking allegations regarding prejudice that: (1) Lowe's would not suffer any prejudice; and (2) Epistar would suffer prejudice. (Dkt. 53 at 7). As an initial matter, Lowe's notes that the Fifth Circuit considers both to be irrelevant. *Halicki*, 151 F.3d at 469 n.4 (finding an alleged lack of prejudice to the non-moving party irrelevant); *Roor Int'l BV*, 2020 U.S. Dist. LEXIS 241364, *5 (citing *Adams*, 465 F.3d at 161 n.8 for the proposition that prejudice is analyzed from the perspective of the non-movant).

Moreover, even if lack of prejudice to Lowe's was relevant, Epistar's assertion is baseless. Epistar chose one of the fastest courts in this country as the venue for this suit, despite the fact that Epistar and Lowe's are already engaged in litigation in a different jurisdiction. In that other case, trial is scheduled for July, and the undersigned counsel is lead trial counsel. As is generally true, Epistar (as plaintiff) had a significant head-start because it was able to wait until its analysis was complete *before filing suit*. In contrast, Lowe's (as defendant), was obligated to abide by the schedule, including searching for and charting prior art, and engaging in claim construction, only shortly after suit was filed. And due to Epistar's dilatory tactics, Lowe's was required to perform those steps solely on the basis of Epistar's analysis of *a single product*. That conduct was and remains highly prejudicial to Lowe's.

Indeed, trial in this case is currently scheduled for next February (mere months away) and Epistar has still not disclosed its "final" infringement contentions. Instead, Epistar suggests that it will try to provide a more complete disclosure in June, 2021 (just before trial is set to start in the

parties' other litigation). Thus, Epistar has unapologetically shortened the period for Lowe's to: search for additional prior art; pursue its own discovery; prepare its responsive technical analyses; and use that analysis to prepare expert reports. Moreover, as the Court correctly acknowledged at the October 2, 2020 hearing, additional claim-construction issues are likely to arise as new products are added. (Dkt. 33 at 18:19-19:2.) Despite all this, Epistar speciously claims that its failure to abide by the Court's schedule should be deemed neutral to Lowe's' defense of this litigation. Epistar's view of the law would effectively forgive any intransigent failure to comply with a court's schedule, a result this Court should not abide.

In addition, although unnecessary to the Court's resolution of this dispute, Lowe's notes Epistar's repeated and troubling habit of alleging that its asserted patents encompass all "filament bulbs." (Dkt. 53 at 2.) Epistar claims that Lowe's is on notice of the scope of the case based on Epistar's unsupportable position that it owns rights encompassing "filament bulbs" generally. The word "filament" does not appear in ***any*** of the asserted claims, nor can Epistar colorably argue that each and every asserted claim necessarily encompasses all "filament bulbs." Thus, Epistar's allegation that Lowe's "incredulously claimed that it did not know which GE LED filament bulbs sold by Lowe's fell within the six GE product series identified in Epistar's Preliminary Infringement Contentions" (Dkt. 53 at 6), intentionally misses the point. The issue is not whether a specific bulb meets Epistar's unilateral definition of "filament bulb," but instead whether and how those products fall within the scope of the asserted claims. The Court should be mindful of this improper misdirection when assessing Epistar's Motion.

## IV.   CONCLUSION

For the reasons addressed above, Epistar's Motion for Leave to Serve First Amended Infringement Contentions should be denied.

Dated: April 30, 2021                    /s/Michael B. Eisenberg

*Lead Counsel*
     Michael B. Eisenberg (admitted *pro hac vice*)
     Steptoe & Johnson LLP
     1114 Avenue of the Americas
     New York, New York 10036
     Telephone: (212) 506-3931
     Facsimile:  (212) 506-3950
     Email: meisenberg@steptoe.com

     Anna M. Targowska (admitted *pro hac vice*)
     Steptoe & Johnson LLP
     227 West Monroe Street, Suite 4700
     Chicago, IL 60606
     Telephone: (312) 577-1269
     Email: atargowska@steptoe.com

*Local Counsel*
     Robert S. Hill
     Texas Bar No. 24050764
     Email: robert.hill@hklaw.com
     Sara Schretenthaler Staha
     Texas Bar No. 24088368
     HOLLAND & KNIGHT LLP
     200 Crescent Court, Suite 1600
     Dallas, TX 75201
     Telephone: (214) 964-9500
     Facsimile: (214) 964-9501

*Attorneys for Lowe's Companies, Inc. and*
*Lowe's Home Center, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served on April 30, 2021 via email on all counsel of record.


/s/Anna M. Targowska_____
Anna M. Targowska