1                IN THE UNITED STATES DISTRICT COURT

2                FOR THE WESTERN DISTRICT OF TEXAS

3                           WACO DIVISION

4    EPISTAR CORPORATION,          )(

5         PLAINTIFF,               )(    CIVIL ACTION NO.

6                                  )(    6:20-CV-420-ADA

7    VS.                           )(    WACO, TEXAS

8                                  )(

9    LOWE'S COMPANY, INC., ET AL.,)(    JULY 26, 2021

10        DEFENDANTS.              )(    9:32 A.M.

11                           MOTION HEARING

12                             (BY ZOOM)

13          BEFORE THE HONORABLE JUDGE ALAN D ALBRIGHT

14                 UNITED STATES DISTRICT JUDGE

15

16   FOR THE PLAINTIFF:      Ms. Lucy Yen
                             Wilson Sonsini Goodrich & Rosati
17                           1301 Avenue of the Americas
                             40th Floor
18                           New York, NY 10019

19                           Mr. Albert Shih
                             Wilson Sonsini Goodrich & Rosati
20                           650 Page Mill Road
                             Palo Alto, CA 94304
21
     COURT REPORTER:         Ms. Shelly Holmes, CSR, TCRR
22                           Certified Shorthand Reporter
                             2593 Myrtle Road
23                           Diana, Texas 75640
                             (903) 720-6009
24                           shellyholmes@hotmail.com

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)

```
 1   FOR THE PLAINTIFF:        Ms. Celine Liu
                               Wilson Sonsini Goodrich & Rosati
 2                             1700 K Street NW
                               5th Floor
 3                             Washington, DC 20006

 4   FOR THE DEFENDANTS:       Mr. Michael B. Eisenberg
                               Steptoe & Johnson LLP
 5                             1114 Avenue of the Americas
                               35th Floor
 6                             New York, NY 10036

 7                             Ms. Anna M. Targowska
                               Steptoe & Johnson LLP
 8                             227 West Monroe Street
                               Suite 4700
 9                             Chicago, IL 60606

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE COURT:  Good morning, it's Alan Albright.  I'm
 2    sorry.  I had problems with my Zoom getting in, but --
 3              Suzanne, if you'd call the case, please.
 4              COURTROOM DEPUTY:  Good morning, Judge.
 5              Court calls Waco case 20-CV-420, Epistar
 6    Corporation versus Lowe's Company, Inc., et al., for a
 7    motion hearing.
 8              THE COURT:  If the parties would announce,
 9    starting with the Plaintiff, please.
10              MS. YEN:  Good morning, Your Honor.  This is Lucy
11    Yen from Wilson Sonsini Goodrich & Rosati, representing
12    Epistar Corporation.  On the line are two of my colleagues,
13    Albert Shih and Celine Liu.
14              THE COURT:  Welcome all.
15              And for Defendant?
16              MR. EISENBERG:  Good morning, Your Honor.  This is
17    Michael Eisenberg at Steptoe & Johnson -- sorry -- on
18    behalf of Lowe's, the Defendant.  With me on the line, I
19    believe I have Anna Targowska, also from Steptoe & Johnson.
20              THE COURT:  Welcome to you guys, and I'm happy --
21    my law clerk has explained to me y'all had a couple of
22    issues with your scheduling.  I'm happy to hear from either
23    side who wants to take these up, and we'll just work
24    through them together.
25              So I'm happy to hear from whoever wants to take
```

1   the lead.

2          MR. EISENBERG:  This is Michael Eisenberg.  Unless

3   the Plaintiff wants to go first, I think in large part, the

4   current issue is one raised by Defendant.

5          THE COURT:  Okay.  Happy to -- that certainly

6   works fine for me.  Thank you, sir.

7          MR. EISENBERG:  Thank you, Your Honor.

8          So the background here starts with the preliminary

9   infringement contentions.  We spoke to Your Honor shortly

10  after those were filed -- were exchanged.  And, you know,

11  at that time, there was a chart of a single product

12  provided and a general statement that there were other

13  products at issue.

14         We came to Your Honor at that time and said that

15  those disclosures were insufficient under the schedule and

16  Your Honor's order governing proceedings.  We had a call

17  very similar to this one, and Your Honor said -- and

18  there's a transcript of this, obviously -- though not

19  ideal, there will be final infringement contentions and

20  further disclosures, and this issue will eventually work

21  its way correctly through the schedule.

22         On April 8th, the final infringement deadline came

23  and passed without any infringement contentions being

24  served.

25         On April 23rd, the Plaintiff served a motion to

1   Your Honor asking to supplement its infringement

2   contentions and stating that its request was -- this is a

3   quote -- timely.

4         Now, in Defendants' view, if you miss a deadline

5   in Your Honor's schedule, that is not timely, and that was

6   a false statement to Your Honor.

7         The supplemental contentions the Plaintiff

8   provided at that time provided six charts.  Those charts do

9   not address the same accused products as each other.  So

10  based on the charts as provided, different claims are

11  asserted against different products.

12        Despite serving six charts, Plaintiff referenced

13  but did not provide any specific disclosure for a total of,

14  I believe, 112 products.  For all but those six, there is

15  no disclosure of which claims are at issue for any of those

16  112 products.  And, in fact, it's not clear whether all

17  five patents at issue are asserted against those 112

18  products.

19        On June 3rd, Plaintiff filed a First Amended

20  Complaint and on June 30th submit -- disclosed its second

21  supplemental infringement contentions.

22        The second supplemental contentions include a

23  total of, I believe, 287 products.  They are -- the same

24  six products from the first amended contentions are charted

25  again.  In fact, they're the identical charts, so nothing

1  new was added in the charts, but more than a hundred

2  additional products were added at that time.

3          Again, based on Plaintiff's charts, it is not true

4  that all claims are -- all asserted claims are asserted

5  against all products.

6          All we have is a specific association between

7  asserted products and claims for six out of a total of 287

8  products.

9          We met and conferred on the schedule, and at that

10  time, even though these six charted products were in

11  Defendants' view untimely, Lowe's agreed that we would move

12  forward on those six products to effectively waive its

13  objection to the untimely nature of that disclosure and

14  accept those as timely and move forward with the case, the

15  only ones that have been charted and the only ones for

16  which any specific claims are asserted.

17          Plaintiff disagrees, and I'm sure you will hear

18  from opposing counsel explaining why they believe they

19  disagree.

20          But in Lowe's view, at this point, more than a

21  year after this suit was filed, the fact that there were --

22  that Plaintiff is refusing to tell Defendant which claims

23  are asserted against which products -- you know, let's

24  leave aside the point that, you know, not all 287 products

25  are charted.  And I'm not necessarily saying that all

1  products have to be charted individually, but at a minimum,

2  they have to tell us which claims are asserted against

3  which products so we can determine the scope of what they

4  think is infringed and how they think it's infringed.

5          You know, even without the details in the chart,

6  we could do some digging and try to figure it out.  But as

7  it is, we just have a list of 287 products and the

8  identification of specific claims that allegedly infringe

9  six of those products.

10          And it is Defendants' position that that is

11  inconsistent with the letter and spirit of what Your Honor

12  has ordered for all patent cases be provided.  And it is

13  clear at this point that Plaintiff has no intention of

14  providing the disclosure that Lowe's believes should have

15  been provided more than a year ago.

16          THE COURT:  I couldn't tell if you were done there

17  or not.

18          MR. EISENBERG:  Oh, sorry, Your Honor, yes.  And I

19  should have clarified that.

20          I think that is a descent summary of where I

21  understand things stand.  Obviously, if Your Honor has any

22  questions for me, I would be glad to answer them.

23          THE COURT:  No, I think I can -- I think I can

24  keep up with this so far.

25          Let me hear the Plaintiff's response.

1          MS. YEN:  Thank you, Your Honor.  This is Lucy

2    Yen.

3          First, I would just like to thank Your Honor for

4    promptly scheduling this hearing after the parties'

5    correspondence on Friday.  We do seek the Court's guidance

6    in allowing this case to go forward, including setting a

7    case schedule.

8          Epistar has repeatedly stated to Lowe's that it's

9    willing to be very flexible on the schedule and to grant

10   Lowe's the time it requires to respond to the updated

11   infringement contentions.

12         The accused products in this case have been

13   identified since the preliminary infringement contentions.

14   They have not changed.  They fall into six series of GE

15   light bulbs which we identified in August 2020.

16         It's -- it is true that we have identified

17   specific model and item numbers for the light bulbs that

18   fall into the six product series.  That was done in part to

19   facilitate Lowe's search for discovery which Lowe's has

20   claimed it was not able to do, so Epistar scoured Lowe's

21   website, went into Lowe's stores to collect the item and

22   model numbers for light bulbs that fall into the six series

23   of products that were identified in August 2020.

24         With respect to the claim charts, it's obviously

25   impractical for Epistar to chart over 200 light bulbs.

1   We've charted a light bulb from each of those six product

2   series.  We currently believe that those are representative

3   light bulbs, and the representative nature of those light

4   bulbs is precisely the analysis that our experts are

5   working on and they -- and will be the subject of expert

6   reports and will be the subject of expert deposition

7   testimony.  And Lowe's will have adequate opportunity to

8   cross-examine our experts and to respond to the

9   representative nature of the light bulbs.

10          And if we don't --

11          THE COURT:  Let me -- let me -- I'm sorry to

12   interrupt you.

13          Let me ask you this question.  So you have -- I

14   get it.  There are six -- six series.  I get that so far.

15   And I'm sure counsel for Lowe's gets that, as well.

16          Have you -- have you taken it -- for the 200-plus

17   different light bulbs, have you told Lowe's -- for Light

18   Bulb No. 112, for example, have you told them which of the

19   six series of infringement -- have you divided each -- have

20   you divided and identified for each accused product which

21   of the six series it goes into at this time?

22          MS. YEN:  The names of the light bulbs for the

23   most part identified the product series.  The names of the

24   light bulbs are, for example, GE vintage 60-watt warm

25   candlelight.  GE series is, of course, one of the series

1  that we identified in August 2020.

2       THE COURT:  So I could look at -- if the Plaintiff

3  has accused a specific light bulb of infringing, I can look

4  at your infringement contentions and know which of the six

5  series of infringement -- of infringement you are

6  maintaining that light bulb falls under; is that correct?

7       MS. YEN:  Yes, because our intention was to chart

8  at least one light bulb from each of the product series,

9  and each of the product --

10       THE COURT:  I think we're missing each other.

11       What I -- I understand that you -- you charted six

12  and that they're representative.  I think what the folks

13  from Lowe's are unhappy with is with 200 products, they

14  may not know which of the six series applies with respect

15  to each of the identified product which exceeds 200.

16       And counsel for Defendant can interrupt me if

17  I'm -- if I've misunderstood what the concern is, and the

18  concern may be even greater that they want charting of

19  infringement for each of the 200 done.

20       I'm just taking an intermediate step at this

21  point, and I'm trying to get from the Plaintiff, for each

22  of the 200-plus products, could I look at the -- could I

23  look at your contention and know for -- for Light Bulb No.

24  106 which of the six series of infringement it's covered

25  by?

1          MS. YEN:  We believe you can.

2          THE COURT:  And how would I do that?

3          MS. YEN:  Because you would look at each part for

4    a GE vintage light bulb, and you would know that it is

5    Plaintiff's position that that claim chart is

6    representative of the other vintage light bulbs that have

7    been listed in the list of accused products.

8          THE COURT:  Okay.  So -- so the six -- are there

9    six buckets of light bulbs that are all relatively

10   identifiable based on the nomenclature of the way that

11   they're named?

12         MS. YEN:  Yes.

13         THE COURT:  Okay.  And so -- and I think what you

14   just used -- one of the names you just used was "vintage."

15   So if -- if I am -- your -- Plaintiff's position is that

16   if -- that you have -- you have gone through and done an

17   infringement contention that shows to the Defendant why you

18   believe all of the -- of the, quote, unquote, vintage

19   nomenclatured light bulb -- you've done one representative

20   disclosure, but your position is, is that that disclosure

21   would cover all of the light bulbs that are -- have the

22   same nomenclature of vintage.

23         And so the Defendant is on notice of your

24   infringement theory for all of the light bulbs that fall in

25   that bucket?  Is that a fair understanding on my part?

1          MS. YEN:  Yes, it is.  And it's our understanding

2     of the analysis to date, we have...

3          THE COURT:  And are there any light bulbs in the

4     200 that don't have a nomenclature where there is a

5     representative light bulb that has been -- that -- for

6     which you have done an infringement analysis and shown --

7     and, you know, as required in my court, where you attach

8     each claim element to the product in a manner that shows

9     why you believe it infringes, is there -- are there any

10    products that -- that aren't covered where I -- where I

11    can't tell which claim -- which infringement contention

12    would cover it?

13         MS. YEN:  Your Honor, I'm looking at the

14    descriptions we provided.  I think there are a few in which

15    it may be difficult to know which of the six product

16    series, and we'd be happy to update the infringement

17    contentions to categorize them into one of the identified

18    product series.

19          THE COURT:  Okay.  Now, let me -- let me turn to

20    Defense counsel.

21          And -- and tell me -- I may be missing something

22    here.  Tell me what I'm -- why that isn't satisfactory for

23    what we need the Plaintiff to do.

24         MR. EISENBERG:  From Defendants' point of view,

25    and I think this is clear based on what counsel for

1   Plaintiff said earlier, they have not actually analyzed all

2   287 products, have not gone forward to try to figure out

3   whether all of the products within any given series are

4   actually materially the same.

5          Instead, they've said they've gone into stores to

6   look up --

7          THE COURT:  Okay.  Let -- I'm sorry to interrupt

8   you.

9          I'm going to make them do that for a hundred

10  percent of the products.  So -- but what I'm concerned --

11  what I'm asking you now is, is assuming I require them

12  to -- for every product do what I just -- what I just

13  discussed, is it -- is it or is it not adequate?  For

14  example, if they have -- if they have done a sufficient

15  infringement...

16         MR. EISENBERG:  Sorry, Your Honor, you cut out

17  there -- or maybe my -- can you hear me?

18         THE COURT:  -- nomenclature --

19         MR. EISENBERG:  Sorry, Your Honor, you cut out

20  there for -- can you hear me?  You cut out there for a

21  minute.

22         THE COURT:  Okay.  Let me try again.

23         So assuming they have to -- assuming the Plaintiff

24  is required for every product that they are accusing to

25  tell you which of the six -- they've done six

1  representative infringement contentions.  If they have to

2  either, one, tell you the product -- I'm making this up --

3  Light Bulb No. 112, it falls under the -- the infringement

4  contention that we did for X product.  And if they -- if it

5  doesn't -- if it's not captured, then they're going to have

6  to go back and do more work and give you an infringement

7  contention for it.

8       But my question to you is assuming that you get

9  infringement contentions for 100 percent of the products

10  and it's done in the manner I just suggested, does that

11  get -- does that satisfy you?

12       MR. EISENBERG:  Well, I guess asking whether it

13  satisfies me, you know, we're -- we're more than a year

14  after suit was filed.  There have been serious issues

15  throughout with how Plaintiff has conducted this

16  litigation.  And the fact that we're still here and based

17  on what Plaintiff has said here today, it is my

18  understanding that they have not even yet looked at all 287

19  products.

20       They are hoping, wishing, believing that they will

21  fall within one of those six theories, but it should not be

22  the case that we are here today under those circumstances.

23  And if a Defendant were in a similar circumstance saying,

24  well, we'll get you what we think we should get you at some

25  point in the future, I just don't think it would fly.

 1    And --

 2          THE COURT:  Well, maybe I'm -- maybe I'm missing

 3    what you're asking me to do.  Are you asking me to take

 4    more serious action than just ordering them -- and you may

 5    be, and if you are, I have to take that up.

 6          But my understanding is that -- and maybe I was

 7    misunderstood, that you're -- that you are obviously

 8    concerned where you're at, but the point of my phone call

 9    and the hearing was to resolve getting this issue done so

10    that you can move forward.

11          If Defendants' position is it's too late to do

12    that, then that's -- you're free to make that argument.

13    But that's not what I was prepared to hear today, and I

14    would probably have to take that up a little bit -- I'm

15    happy to take it up.  That's just not what I was prepared

16    to -- what I thought I was going to do today was just try

17    and get this rectified and the train running down the track

18    and moving forward.

19          If you want more serious discipline, for lack of a

20    better word, I can't think of one, but if you want -- and I

21    don't think the word "sanction" is appropriate.  But if you

22    want me to take stronger action than just setting a

23    deadline for when the Plaintiff will give you all of the --

24    all of the infringement contentions and identify them for

25    all products so that you can move forward, I'm going to

1    have to -- I'll have to do that in a different hearing.

2          So you just -- that's what I asked you earlier if

3    that would satisfy you, that's what I meant.  I can do

4    that --

5          MR. EISENBERG:  Oh, okay.

6          THE COURT:  -- today.  I can set a deadline.  But

7    if you want me to do something more, that's entirely your

8    choice, but just let me know.

9          MR. EISENBERG:  Okay.  And I apologize, Your

10   Honor, if I wasn't -- if I wasn't clear.

11         I mean, there is a pending motion by the Plaintiff

12   to provide its untimely first amended infringement

13   contentions.  That motion includes -- embedded within it a

14   question -- a request to provide its second supplemental

15   infringement contentions by June 30th.  We have opposed

16   that.  So that's all pending before Your Honor.

17         And it is Defendants' position -- and I want to be

18   as clear as possible here.  They missed their deadline on

19   April 8th.  They misinformed Your Honor that their

20   subsequent request was timely.  And I do not think that

21   Defendant is in the position at this point of asking for

22   sanctions.  That is something Your Honor could obviously

23   consider on your own.

24         But the primary point that Defendant wants to

25   raise is they should be held -- do the infringement

1  contentions that they did timely serve which themselves are

2  insufficient.  And that -- that is Defendants' position,

3  and --

4        THE COURT:  Okay.

5        MR. EISENBERG:  -- based on what's been discussed

6  here today -- I'm sorry, Your Honor, go ahead.

7        THE COURT:  No, no, no, I just said okay.  I'm

8  getting to the point where I -- where I understand what

9  you're saying.  You're welcome to continue.

10        MR. EISENBERG:  Okay.  The last thing that I was

11  going to mention is based on what's been discussed here

12  today, it appears to me that Plaintiff has admitted, and

13  they've done this in writing before and I think they've

14  done it again today, that they have not looked at all 287

15  products in detail enough to determine whether they're

16  representative.

17        And the fact that they repeatedly state that, as a

18  matter of fact, they are without actually having -- you

19  know, they're not saying on information and belief.

20  They're not saying we hope, we believe.  They're stating as

21  a matter of fact a conclusion that they don't have a basis

22  put forward.  And that is part of why they have not yet

23  disclosed, you know, the fact that these products are

24  allegedly identical within a series.

25        And I, Your Honor, have looked at personally --

1  not just through experts, but personally under microscopes

2  and otherwise, I have looked at the accused products within

3  a series, and they are not materially identical.

4        THE COURT:  Okay.  I'm -- I'm --

5        MS. YEN:  May I --

6        THE COURT:  I'm in much better shape

7  understanding your -- yeah, give me one second.  I'm in a

8  much better shape of understanding what you're arguing.

9        And, yes, ma'am, I was about to say you're -- I

10 invite the Plaintiff to say anything they care to in

11 response.

12       MS. YEN:  Thank you, Your Honor.

13       We did file a motion for leave on the supplemental

14 contentions.  On April 8th, the day they were due, we sent

15 Plaintiff -- we sent Defendants the information that should

16 have been in a document called Final Infringement

17 Contentions.  That was a mistake, and that is why we filed

18 a motion for leave before the Court.

19       On April 8th, Lowe's received the same information

20 that they should have received in the form of a document

21 for formal -- final infringement contentions.

22       We apologize for that.  We filed a motion for

23 leave.  We filed it two weeks after April 8th.  That is

24 what we meant by timely.

25       We're not suggesting that the final infringement

1  contentions were served on April 8th.  That is why we filed

2  a motion for leave before the Court.

3         On the accused products, it is also not true that

4  the 280 products have not been analyzed.  Each of them have

5  been analyzed by our experts and by counsel at Wilson

6  Sonsini Goodrich & Rosati.  Dozens of these light bulbs

7  were purchased from the store.  The Lowe's website was

8  scoured to make sure that we had identified the correct

9  light bulbs.  We looked for whatever specifications were

10 available on the Lowe's website.

11        We served a subpoena on the manufacturer of the

12 light bulbs.  It's simply not true that we haven't done the

13 diligence.  It's a hearing for another day, but part of the

14 issue is that we received no discovery from Lowe's in

15 response to any of our questions about their inventory.

16        So to the extent that not all of the accused

17 product model numbers have been identified immediately,

18 it's partly because the inventory on Lowe's website

19 changes.  The availability of products changes.  And we

20 have to spend the time going through the website and making

21 sure that we carefully identify light bulbs that are still

22 on sale and that are marketed as within the six product

23 series that we identified in August 2020.

24        Thank you.

25        THE COURT:  Thank you, ma'am.

1          Anything else from -- from Lowe's?

2          MR. EISENBERG:  I still -- I'm just a bit confused

3  by what Plaintiff's counsel just said.

4          I made a very specific statement, which is my

5  understanding is they have not analyzed all 287 products.

6  There's nothing confusing or subtle about that.  It's not

7  about looking on a website.  It's not -- you know, these

8  things are -- have been on sale either through the website

9  or in stores.

10          We didn't withdraw and drop in 287 new products

11  over the last couple of weeks.  That's simply not what

12  happened.  And Plaintiff's counsel should just admit that

13  they have not done the same analysis on all 287 products.

14  It's not difficult or confusing.

15          And there seems to be some misunderstanding

16  between the parties on what's -- what's going on here,

17  which is you're supposed to do your analysis to know what's

18  at issue before you file suit.  Yes, you can supplement as

19  necessary.  But that's not what happened, and it's still

20  not what's happened to this date.

21          And if -- one last clarification, Your Honor.  We

22  had discovery requests to Plaintiff for all their analysis,

23  which are not privileged.  You know, they relied upon them

24  for their infringement contentions.  I have personally gone

25  through their discovery responses, and I have found

1   analyses for approximately six products, not 287.

2          And that is not where we should be a year after

3   filing suit.  And talking about what's available in images

4   on a website doesn't answer that question.

5          THE COURT:  I got it.

6          Anything else from the Plaintiff?

7          MS. YEN:  Thank you, Your Honor.  I feel like

8   we're two ships passing in the night.

9          I can't state more expressly that we've analyzed,

10  including our experts, carefully analyzed each of the light

11  bulbs we identified as an accused product before we listed

12  them.

13         It will be the subject of expert discovery, and

14  Lowe's will have every opportunity to cross-examine our

15  experts regarding that analysis, the nature of the

16  representativeness, and other conclusions made by our

17  experts.

18         THE COURT:  Okay.  Anything else from anyone?

19         MR. EISENBERG:  Not from Defendants' side, Your

20  Honor.

21         THE COURT:  Well, thank you for your time this

22  morning.

23         My law clerk and I are -- you may be able to hear

24  the background noise.  We are headed to beautiful Del Rio

25  to -- you may have missed it, but there's been some issues

1 with immigration over the past couple of months that we're

2 going to go help out with.  But -- and so he and I are

3 going to be in Del Reo for this week.

4       But we'll be able to get something out in the next

5 day or so to -- I think, to resolve this.  And we'll --

6 we'll -- look in your email, and we'll get something in the

7 very near future taking care of this.

8       Does anyone else have anything else they'd like to

9 say?

10      MS. YEN:  No.  Thank you, Your Honor.  Again,

11 thank you for making time today to help us get the case

12 going.

13      THE COURT:  Happy to do it.  You guys have a good

14 afternoon, and we'll get this worked out quickly.  Thank

15 you.

16      MR. EISENBERG:  Okay.  Safe travels.

17      (Hearing concluded at 10:01 a.m.)

18

19

20

21

22

23

24

25

1                          <u>CERTIFICATION</u>

2

3          I HEREBY CERTIFY that the foregoing is a true and

4   correct transcript from the stenographic notes of the

5   proceedings in the above-entitled matter to the best of my

6   ability.

7

8

9    /S/ Shelly Holmes_____                8/3/21___
     SHELLY HOLMES, CSR, TCRR                   Date
10   OFFICIAL REPORTER
     State of Texas No.: 7804
11   Expiration Date: 10/31/21

12

13

14

15

16

17

18

19

20

21

22

23

24

25