IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.,<br>LOWE'S HOME CENTERS, LLC,<br><br>    Defendants. | CASE NO.:  6:20-cv-00420-ADA |

### ORDER REGARDING DISCOVERY DISPUTES

Before the Court are certain discovery disputes identified by Plaintiff Epistar Corporation ("Epistar") and listed in Appendix A attached to the Order of Limited Referral (D.I. 89).

After careful consideration, it is hereby **ORDERED** as follows:

### Issue #1

Epistar's request for permission to treat documents and deposition transcripts designated under the protective order in a litigation pending in the Central District of California (*Epistar Corp. v. Lowe's Home Centers, LLC*, C.D. Cal. Case No. 2-17-cv-3219-JAK) ("California Litigation") as if produced in this litigation is **GRANTED-IN-PART, DENIED-IN PART.**

While the Court declines to order a "blanket reproduction" of documents from the California litigation, documents produced in the California litigation which are relevant to this litigation should be reproduced with appropriate production numbers. The parties shall meet and confer and Epistar should identify any documents to Lowe's that it believes to be relevant for Lowe's consideration. Documents that pertain exclusively to products accused or patents asserted in the co-pending case do not need to be reproduced.

With respect to the documents that were shown by Epistar to the Court during the hearing, the Court orders as follows:

- With respect to the letter sent from Epistar to Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Lowe's") in 2016 that was shown during the hearing, the Court orders the letter to be produced.
- With respect to a Power Point presentation that was shown during the hearing, the Court orders the presentation to be produced in this litigation.

**Issue #2**

Epistar's request that Lowe's produce documents pertaining to the design of the accused products is **GRANTED-IN-PART, DENIED-IN PART**.

Lowe's must produce design documents pertaining to the accused products that Lowe's has in its possession, custody, or control, even if those documents would otherwise be publicly available. Lowe's, however, does not need to embark on a search for publicly available design documents.

Epistar's request for communications with GE Lighting specifically is **DENIED** with respect to Lowe's communications with GE Lighting *after* an indemnification agreement was reached because those communication are subject to the common-interest privilege. For documents Lowe's claims to be subject to any common interest privilege, Lowe's shall provide a privilege log describing the nature of the documents withheld pursuant to the requirements set forth in Fed. R. Civ. P. 26. Lowe's need not log documents created after the filing of the Complaint. With respect to post-filing discussions between Lowe's and GE Lighting involving litigation counsel, those communications are not discoverable and also do not need to be logged.

**Issue #3**

Epistar's request that Lowe's identify each LED filament bulb that Lowe's contends constitutes a non-infringing alternative to the accused products is **GRANTED-IN-PART, DENIED-IN PART**. Lowe's must identify all LED filament bulbs it contends constitute non-infringing alternatives to the accused products. In addition, Lowe's must produce the requested financial information for 10 of such alleged non-infringing alternatives. With respect to those 10

products for which Lowe's is required to provide financial information, Lowe's can choose five such products, and Epistar can choose the remaining five.

### Issue #4

Epistar's request that Lowe's produce business plans, sales estimates, management reports, sales projections, and Board of Directors reports for the accused products and LED bulb market is **GRANTED-IN-PART** and **DENIED-IN PART**.  Lowe's must produce the requested documents if they exist for an LED bulb category that would cover any of the accused products.  Likewise, summaries and reports that include information covering LED bulbs should be produced.  To the extent Epistar believes that any particular document exists but was not produced, the Court directs Epistar to specifically identify any such documents and meet and confer with Lowe's about the same.

### Issue #5

Epistar's request that Lowe's produce physical samples of each accused product is **GRANTED**.  Lowe's is required to sell the requested physical samples to Epistar.

Lowe's request that Epistar produce receipts for the purchase of the accused products is **DENIED**.

The Court notes that the any order requiring production is not a decision on admissibility.

**SIGNED** this 20th day of April, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE