UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EPISTAR CORPORATION, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil No. 6:20-CV-00420-ADA** |
| | § | |
| LOWE'S COMPANIES INC., & LOWE'S | § | |
| HOME CENTERS LLC | § | |
| *Defendants.* | § | |
| | § | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND

Before the Court is Plaintiff Epistar Corporation's Motion to Amend (ECF No. 84) to withdraw Patent No. 9,065,022 and to exclude references by Lowe's to the withdrawal. After careful consideration of the Motion, Response, and Reply, the Court, for the reasons that follow, **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.        BACKGROUND

Epistar Corporation ("Epistar") filed its Original Complaint for patent infringement against Defendants Lowe's Companies Inc. and Lowe's Home Centers LLC (collectively, "Lowe's") on May 22, 2020. ECF No. 1 ¶¶ 53–82. Since Epistar filed the Original Complaint, the Court entered claim constructions (ECF No. 47), Epistar's motion to serve supplemental infringement contentions was granted (ECF No. 67), Epistar filed its First Amended Complaint (ECF No. 56), and the Court granted in part and denied in part Lowe's' Motion to Dismiss the First Amended Complaint (ECF No. 67).

Epistar accuses Lowe's of directly and indirectly infringing U.S. Patent Nos. 7,489,068, 8,240,881, 9,065,022, 9,664,340, and 10,224,455. Relevant to this Order is Patent No. 9,065,022 ("the '022 Patent"). ECF No. 56 ¶¶ 53–82.

## II.     LEGAL STANDARD

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." "A district court must possess a 'substantial reason' to deny a request for leave to amend . . . However, decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal citations omitted).

Analysis of whether such withdrawal of the patent through an amendment is with or without prejudice is the same here as under Fed. R. Civ. P. 41(a)(2). *See Nilssen v. Motorola, Inc.*, 203 F.3d 782, 785 (Fed. Cir. 2000). The Court "has considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice. In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby, and should consider the defendant's efforts and expense in defending the action as well as the plaintiff's reasons for needing such a dismissal." *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). The Court "first ask[s] whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 (5th Cir. 2002).

Regarding exclusion of references to this withdrawal from trial, the Court's "discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason." *Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990).

### III.     ANALYSIS

The Court notes that Lowe's does not oppose Epistar amending its complaint to withdraw the '022 Patent. ECF No. 85 at 2. "Accordingly, [Epistar] will be granted leave to amend its Complaint." *Eastman Mach. Co. v. Diamond Needle Corp.*, 2000 WL 1887827, at *1 (W.D.N.Y. Dec. 18, 2000). Whether such an amendment is with prejudice and whether Lowe's should be precluded from referencing the withdrawal at trial are the dispositive questions. ECF No. 84 at 1.

**A.  Epistar's request to voluntarily dismiss the '022 Patent without prejudice is granted.**

Denial of a motion for leave to amend may be warranted for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Epistar sought to withdraw its claims relating to the '022 Patent prior to the deadlines for both the first and second meet and confers to narrow the number of claims asserted. ECF No. 72 at 1–2. Even if this motion was not timely, Epistar has good cause to modify the scheduling order and amend its complaint. Lowe's consents to this amendment and leave is granted.

"Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice . . ." *Elbaor*, 279 F.3d at 317. Plain legal prejudice can occur when the non-movant is "stripped of an otherwise available defense" or when the non-movant has expended significant time and effort. *Robles v. Atl. Sounding Co.*, 77 Fed. App'x 274, 275 (5th Cir. 2003). The prospect of additional litigation or the costs associated therewith do not constitute plain legal prejudice. *Id.* at 276, *Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

"'[A] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as dismissal without prejudice . . . It is well established that a dismissal without prejudice should not preclude re-litigation of the dismissed claims in the same court." *Oyster Optics LLC v. Cisco Sys., Inc.*, 2:20-CV-00211, 2021 WL 1530935, at *5 (E.D. Tex. Apr. 16, 2021) (quoting *Realtime Data LLC v. EchoStar Corporation*, No. 6:17-CV-00084, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018)); *see also In re Katz*, 639 F.3d at 1311–13 (discussing potential due process implications of case narrowing).

Lowe's  does not specifically state the prejudice it would face by allowing Epistar to voluntarily dismiss the '022 Patent without prejudice. Instead, Lowe's argues that it expressed doubts to Epistar about the strength of the '022 Patent claims and that "[s]ince that time, the parties have disclosed their preliminary and final contentions, discovery has been taken, and only after all of that effort has Epistar decided it would rather not proceed with the '022 Patent at this time." ECF No. 85 at 7. Lowe's also argues that "Epistar provides no colorable explanation for its delay, instead claiming that it seeks solely to 'narrow the number of asserted claims.'" *Id.* Presuming that the prejudice Lowe's would face is one of time and effort already expended, the Court does not find this to be a sufficient reason to dismiss the '022 Patent with prejudice.

First, under the operative scheduling order that Lowe's and Epistar jointly proposed, the "[d]eadline for the second meet and confer to discuss narrowing the number of claims asserted" is not until July 18, 2022. ECF No. 72 at 1. Essentially, Lowe's is now arguing it is unduly prejudiced by Epistar's "delayed" motion when Epistar requests withdrawal of its patent months before the deadline to which Lowe's itself agreed. The Court implemented the requirement that parties meet and confer to discuss narrowing claims not because the Court wants parties to *merely discuss* narrowing asserted claims, but to *actually* narrow their claims. Second, "much of

the work and discovery related to [Epistar's] patent infringement claim is useful and applicable to [Lowe's'] counterclaims and to a later-filed patent infringement action, should [Epistar] choose to pursue it." *Predator Int'l Inc. v. Gamo Outdoor USA, Inc.*, 9-CV-00970, 2010 WL 3630118, at *7 (D. Colo. Sept. 9, 2010). Here, Lowe's' time and effort already expended does not constitute a burden sufficient to grant dismissal with prejudice. *See id.*

Lowe's also hints that the prospect of additional future litigation over the '022 Patent is a source of prejudice. ECF No. 85 at 7 (arguing that "Epistar seeks to leave open the underlying controversy" and "Epistar decided that it would rather not proceed with the '022 [P]atent <u>at this time</u>") (emphasis in original). However, there is a difference "between imposing 'plain legal prejudice' and merely subjecting the defendant to another lawsuit." *Manshack*, 915 F.2d at 174. As such, the voluntary dismissal is granted without prejudice.

**B. Epistar's request to preclude Lowe's from referencing the withdrawal of the '022 Patent is denied.**

Given the stage of litigation, the Court agrees with Lowe's that it is premature to preclude Lowe's from mentioning the '022 Patent and its withdrawal from trial. *See Fusco v. General Motors Corp.*, 11 F.3d 259, 263 (1st Cir. 1993) (noting "that many issues are best resolved in context and only when finally necessary."). It would be inappropriate to determine the admissibility or inadmissibility of evidence when the Court is unable to evaluate its probative value or lack thereof. Though the Court finds that excluding references to the '022 Patent is inappropriate at this stage, Epistar is not prevented from raising this issue later, e.g., in a motion *in limine*.

## IV.    CONCLUSION

For the reasons outlined above, Plaintiff's Motion to Amend (ECF No. 84) is hereby

**GRANTED IN PART** and **DENIED IN PART.**

SIGNED this 14th day of July, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE